NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR GASPARD, | No. 13-17661 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01058-JST |
| v. | |
| S. HATTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

California state prisoner Arthur Gaspard appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

violated his Eighth Amendment rights by failing to protect him from an inmate

assault.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Gaspard failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded a substantial risk of serious harm to Gaspard when they determined that he was eligible for a cellmate. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate . . . safety"); *see also Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1051 (9th Cir. 2002) (while prison officials' decisions to double-cell the inmates "turned out [to] be quite unfortunate judgments," it could not be said that a reasonable officer would have clearly understood the "risk of serious harm was so high" that the inmates should not have been double-celled).

The district court did not abuse its discretion in denying Gaspard's discovery motions because Gaspard failed to show how the requested discovery was relevant to defeat summary judgment or that the denial caused substantial prejudice. *See Preminger v. Peake*, 552 F.3d 757, 768, n.10 (9th Cir. 2008) (setting forth standard of review).

We reject Gaspard's requests to void the judgment under Fed. R. Civ. P. 60(b), enter summary judgment in his favor, and grant him the relief he sought

in his lodged Second Amended Complaint.

All pending motions are denied.

**AFFIRMED**.